IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02240-M

HUNTER KEITH POTTS,

        Petitioner,

v.

CAPTAIN CHRISTOPHER FOWLER, et al.,

        Respondents.

ORDER

On December 30, 2024, Hunter Keith Potts ("petitioner"), then a state pretrial detainee at the Brunswick County Detention Center, filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Pet. [D.E. 1] (seeking release from pretrial detention).

On March 28, 2025, the court: noted filings in a different case indicated that petitioner had been released from the Detention Center; directed petitioner to show good cause by April 11, 2025, why this petition was not moot; and warned petitioner that failure to respond to the order to show cause would result in the dismissal of this action without prejudice for failure to prosecute.

On April 14, 2025, because petitioner had not responded to the court's prior order in the time allowed, the court dismissed without prejudice the action for failure to prosecute, denied a Certificate of Appealability, and entered judgment. See Order [D.E. 9]; J. [D.E. 10].

On June 27, 2025, petitioner filed what the court liberally construed as a motion for reconsideration. Mot. [D.E. 11].

On July 1, 2025, the court granted in part the motion for reconsideration and directed the clerk to reopen the action. Order [D.E. 12].

On July 17, 2025, petitioner moved to amend his petition and join parties. Mot. [D.E. 13]. The court summarily GRANTS this motion to the extent he seeks to amend. Fed. R. Civ. P. 15(a).

The court now conducts its initial review under 28 U.S.C. § 2243 and, for the reasons discussed below, dismisses the action without prejudice.

## Discussion:

A district court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

As an initial matter, if issues raised in a pretrial detainee's petition may be resolved either by trial on the merits in the state court, or by other state procedures available to the petitioner, the pretrial detainee must exhaust these remedies to be eligible for § 2241 relief. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–92 (1973); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing]' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (citations and quotation marks omitted). Only under "special circumstances" will a court find a detainee exhausted remedies before trial. Braden, 410 U.S. at 489; see Brazell v. Boyd, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. Apr. 5, 1993) (per curiam) (unpublished table decision) (noting that, "where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court[,] no special circumstance is shown." (citation omitted)).

Here, it is clear on the face of petitioner's filings that he did not exhaust his state-court habeas remedies before filing this action. See Pet. [D.E. 1] at 2–3; Mot. [D.E. 13] at 2.

2

Alternatively, even if petitioner had successfully exhausted his available state remedies, his request for release from pretrial detention was mooted by his intervening criminal conviction. See Thorne v. Warden, Brooklyn House of Det. of Men, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [the petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented.").

To the extent petitioner instead seeks intervention in ongoing state criminal proceedings pursuant to alleged civil rights violations, under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37, 43 (1971), the court must abstain from exercising jurisdiction if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); cf. Kugler v. Helfant, 421 U.S. 117, 124 (1975) (noting Younger abstention doctrine exceptions).

Here, even if petitioner's state criminal proceedings were ongoing, the court finds Younger abstention appropriate and that no exception to the doctrine applies. See Nivens, 319 F.3d at 153.

To the extent petitioner instead seeks to challenge his intervening state criminal conviction, his instant § 2241 pretrial habeas petition is not the correct vehicle for such a challenge. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." (internal quotations and citations omitted)); Jones v. Ross, 257 F. Supp. 798, 801 (E.D.N.C. 1966) ("It has been stated many times that the writ

3

of habeas corpus is not to be used as a substitute for the procedures of appeal"); see also In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (providing that federal habeas petitions for prisoners who are in custody pursuant to the judgment of a State court sound under 28 U.S.C. § 2254, not under § 2241).

To the extent petitioner instead seeks relief under § 2254, the court reminds petitioner that, absent a valid excuse, a state prisoner must exhaust all available state-court remedies before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting exhaustion doctrine is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

To the extent petitioner instead seeks to challenge his pretrial conditions of confinement, his proper avenue for relief is a civil rights suit under 42 U.S.C. § 1983, not a federal habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004) (noting "constitutional claims that merely challenge the conditions of a prisoner's confinement" fall outside of the "core" of habeas corpus petitions); Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). The court makes no finding regarding petitioner's likelihood of success in any such civil rights suit.

Thus, because it is clear from the face of the filings that petitioner is not entitled to the requested habeas relief, the court will dismiss the action without prejudice. See 28 U.S.C. § 2243.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

Conclusion:

In sum, the court: GRANTS petitioner's motion to the extent he seeks to amend his petition [D.E. 13]; DISMISSES WITHOUT PREJUDICE this § 2241 petition either as unexhausted, moot, pursuant to the Younger abstention doctrine, or because petitioner's claims do not sound in habeas corpus; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 21st day of July, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge